UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV183

| | |
|---|---|
| TONY LEE SHIVERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **NOTICE AND O R D E R** |
| ) | |
| LEWIS O. SMITH, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Habeas Petition, filed August 26, 2010 (Doc. No. 1.)

A review of the Petition reflects that on December 12, 2007, Petitioner pled guilty to various drug crimes as well as being a habitual felon. Petitioner did not file a direct appeal. On May 25, 2010, Petitioner filed a motion for appropriate relief ("MAR"), which was denied. Petitioner filed the instant Petition on August 26, 2010.

The Antiterrorism and Effective Death Penalty Act (the "AEDPA")imposes, in pertinent part a one-year statute of limitations period for the filing of a habeas petition::

The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1

(4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244.

The AEDPA further provides that the time during which a properly filed application for State post-conviction or other collateral review is pending shall not be counted toward any period of limitation under this subsection.

Here, Petitioner was convicted on December 12, 2007. He did not file a direct appeal. Petitioner filed an MAR on May 25, 2010, more than a year and a half after his conviction became final. While the AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, that fact is of little consequence here. Petitioner's one-year period expired before he even began collateral review.

In Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), the Fourth Circuit held that upon examining a federal habeas petition prior to trial, if the Court perceives a *pro se* petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the Court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d).

Consequently, this Court now shall give the Petitioner fifteen (15) days in which to file a document explaining why this Petition should be construed as timely filed.[1]

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that:

1) Within fifteen (15) days of the date of this Order, the Petitioner shall file a document, explaining why the instant petition should be construed as timely filed. **FAILURE TO FILE A DOCUMENT EXPLAINING WHY THE INSTANT PETITION SHOULD BE**

---

[1] The Court notes that Petitioner in his claim responded "N/A Properly Filed" to the timeliness question. This response is far from clear, but this Court will allow Petitioner a second chance to provide explanation as to why the instant petition should be construed as timely filed.

**CONSTRUED AS TIMELY FILED WILL RESULT IN DISMISSAL OF THE PETITION**.

2. The Clerk shall send a copy of this Order to the Petitioner.

**SO ORDERED**.

Signed: August 30, 2010

Robert J. Conrad, Jr.
Chief United States District Judge