UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV183

| | |
|---|---|
| TONY LEE SHIVERS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>LEWIS O. SMITH, )<br>Respondent. )<br>_____ ) | O R D E R |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, originally filed in the Middle District of North Carolina August 23, 2010[1] and transferred to this Court by Order dated August 27, 2010 (Doc. Nos. 1 and 2); and Petitioner's response to this Court's notice pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). (Doc. No. 5).

Rule 4 of the Rules Governing Section 2254 Cases, directs habeas courts promptly to examine habeas petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. For the reasons stated herein, Petitioner's case will be dismissed as time-barred.

**I. Factual and Procedural Background**

A review of the form motion reflects that on December 12, 2007, Petitioner pled guilty to

---

[1] Although Petitioner's Petition was received at the Court and filed by the Clerk on August 26, 2010, such document contained a certification that it was placed in his Prison's mailing system on August 23, 2010. Consequently, pursuant to the "mail box" rule articulated in Houston v. Lack, 487 U.S. 266 (1988), the Court will treat the Petitioner as having been filed on August 23, 2010.

1

various drug crimes as well as being a habitual felon and was sentenced. Petitioner did not appeal his conviction or sentence. On May 25, 2010, Petitioner filed a motion for appropriate relief ("MAR"), which was denied. Petitioner filed the instant habeas Petition on August 26, 2010. Upon the Court's initial review of the Petition, the Court observed that the Petition appeared to be time-barred and entered an Order pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), warning Petitioner that the Court perceived his Petition to be untimely and allowing Petitioner to explain why his Petition should be construed as timely filed. Petitioner filed a response to the Court's Hill Order on September 13, 2010. (Doc. No. 5).

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The AEDPA further provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner sustained his conviction on December 12, 2007 and did not file a direct appeal of his conviction and sentence. Therefore, Petitioner's conviction and sentence became final no later than December 26, 2007, i.e., at the expiration of the fourteen day period during which Petitioner could have sought a direct appeal. See Clay v. United States, 537 U.S. 522, 527 (2003) (noting that convictions become final for AEDPA purposes at the expiration of the period during which direct review could have been sought); and N.C.R. App. P. 4(a) (providing fourteen days for service of notice of appeal). In the absence of any intervening tolling circumstances, Petitioner had up to December 26, 2008 to file the instant federal Petition. Petitioner did not meet that deadline.

Petitioner initiated his unsuccessful collateral review proceeding in the North Carolina courts on May 25, 2010 by filing an MAR. While the AEDPA entitled the Petitioner to have the limitations period tolled for the brief period during which he was pursuing State collateral review, the Petitioner's one-year period had already expired before he began collateral review. Therefore, the Petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations.

Petitioner was given an opportunity to explain why he believes his Petition should be construed as timely filed. Petitioner responded and conceded that his Petitioner is untimely but argued that the North Carolina Department of Corrections does not provide inmates with a law library or legal material or otherwise advise defendants of their right to challenge their convictions or post a notice regarding the one-year limitations period. (Doc. No. 5 at 2).

3

Petitioner's explanation for his untimely petition is not sufficient to invoke equitable tolling. The Fourth Circuit Court of Appeals has limited such tolling to "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Petitioner has not articulated any such rare circumstances for equitable tolling. Indeed, not even his misunderstanding of the law is sufficient to warrant equitable tolling. Therefore, equitable tolling also is not available for the Petitioner. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999).

### III. Conclusion

The Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

### IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies

4

relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: September 17, 2010

Robert J. Conrad, Jr.
Chief United States District Judge